THE ORDINARY OF BALDWIN COUNTY, plaintiff in error, *vs.* RETAILERS OF LIQUOR IN MILLEDGEVILLE, defendants in error.

When, by the charter incorporating the city of Milledgeville, no express power is granted to the city to grant license for retailing spirituous liquors within the corporate limits thereof:

*Held,* That, until such power shall be expressly conferred on the city, the Ordinary of the county, under the general law of the State, has the power and authority to grant such license; but when an incorporated city has the power and authority expressly conferred by its charter to grant such license, and does grant it, and the fees therefor are as much as required by the general law of the State, then the Ordinary of the county cannot require a license from those who reside within the incorporated town or city for retailing spirituous liquors therein. The express grant to the incorporated town or city to grant the license to retailers of spirituous liquors within the corporate limits thereof, excludes the right of the Ordinary of the county to tax them under the general law of the State, as retailers of spirituous liquors, when licensed by such incorporated town or city in the manner before stated.

License. Municipal Corporations. Before Judge ROBINSON. Baldwin County. Chambers. April, 1870.

The Mayor and Council of Milledgeville granted license to certain persons to retail spirituous liquors in Milledgeville, and received from them the license fee usually charged

by them; how much does not appear. The Ordinary of Baldwin county, in which Milledgeville was situate, claimed that the power to charge for and issue such licenses belonged to his office, and that no legal sales could be made till he granted the licenses. The parties agreed to submit the controversy to Judge Robinson. It seems to have been conceded that the Mayor and Council of Milledgeville had for a long time heretofore granted such licenses. And it was not pretended that they had any authority to do so except the power to pass "such ordinances as are essential to the wellfare and security of the city, and the preservation of the good order and peace of the same."

Judge Robinson held that the Mayor and Council had the authority claimed by them, and that is assigned as error.

Newman & Harrison, for plaintiff in error.

I. L. Harris, by the Reporter, for defendants.

Warner, J.

From the statement of facts as disclosed by the record in this case, the city of Milledgeville has no express authority conferred by its charter to grant licenses for retailing spirituous liquors within the corporate limits thereof. Until such power shall be expressly conferred on the city authorities to grant such license the Ordinary, of the county, under the general law of the State, has the power and authority to grant the same: Code, 1432, 1435. *Sanders vs. The Commissioners of Butler*, 30th Georgia Reports, 679.

Let the judgment of the Court below be reversed.